501 A.2d 108

Robert CABLE

v.

STATE of Maryland.

No. 341, Sept. Term, 1985.

Court of Special Appeals of Maryland.

Dec. 10, 1985.

---

David R. Durfee, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, on brief), Baltimore, for appellant.

Ann E. Singleton, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., Kurt L. Schmoke, State's Atty. for Baltimore

City and Jamey Hochberg, Asst. State's Atty. for Baltimore City, on brief), Baltimore, for appellee.

Argued before WEANT, J., and JAMES S. GETTY and W. ALBERT MENCHINE, Associate Judges of the Court of Special Appeals (retired), Specially Assigned.

JAMES S. GETTY, Judge, Specially Assigned.

Robert Cable, appellant herein, was convicted in the Circuit Court for Baltimore City (Greenfeld, J.) of possession with the intent to distribute oxycodone (percodan) and hydromorphone (dilaudid), for which he was sentenced to three years imprisonment. In this appeal, appellant raises the sole issue of whether the trial court erred in admitting evidence obtained from the search, pursuant to a warrant, of a briefcase in appellant's constructive, but not actual, possession.

On July 20, 1984, two officers from the Baltimore City Police Narcotics Unit applied for and obtained a search and seizure warrant for appellant and a woman known as "Queenie." The officers had received information that appellant would be arriving at Baltimore-Washington International Airport on July 21, 1984, from Fort Lauderdale, Florida, and would be carrying percodan and dilaudid which he intended to sell in the Baltimore area. Based on this information, a search and seizure warrant was issued by the Circuit Court for Baltimore City (Allen, J.). The warrant recited that certain named police officers stated by affidavit that there was reason to believe that on the person of Robert Cable "and any luggage, suitcase, briefcase or any items carried or possessed by him" there is now being concealed certain drugs, monies, books, firearms and assets gained from such illegal operations. The warrant then commanded that the person named be searched for the property specified.

On July 21, 1984, Baltimore City Police Officers observed appellant arrive at Baltimore-Washington International Airport on a flight from Fort Lauderdale, Florida. Upon his arrival at 10:16 a.m., appellant was seen carrying a brief-

case. The police followed appellant and at 11:45 a.m. he was arrested at a Holiday Inn in Baltimore City. Appellant was transported to the police station and searched. The search disclosed a claim ticket for property being held at the Holiday Inn. The police then returned to the Holiday Inn where they retrieved appellant's briefcase from the hotel security room. The briefcase contained large quantities of percodan and dilaudid.

■ Appellant now argues that the search of his briefcase exceeded the scope of the search and seizure warrant because the briefcase was not an item "carried or possessed by him" as required by the warrant. Appellant argues, therefore, that a second warrant was required before the briefcase could be seized or searched. We disagree and explain. It is well-established that possession of contraband, to be criminal, need not be exclusive or actual. There may be joint possession and constructive possession, either of which will suffice to sustain a conviction. Md.Ann.Code art. 27 § 277(s) (1982 Repl.Vol.); *Garrison v. State,* 272 Md. 123, 128, 321 A.2d 767 (1974); *Butler v. State,* 41 Md.App. 677, 679, 398 A.2d 514 (1979). At the time of his arrest, appellant was in constructive possession of the briefcase which was specifically included in the search and seizure warrant.

Appellant, as evidenced by the claim check, had a possessory interest in the briefcase when arrested. We think the ensuing search within minutes after his arrest was permissible; a second warrant was not required. Obviously, the briefcase was subject to seizure and search if it had been in appellant's actual possession at the time of his arrest. Checking it for safekeeping does not alter the fact that the warrant authorized a search of appellant and "any ... briefcase carried or possessed by him." The briefcase was in his possession constructively.

Appellant suggests that this case is no different than finding a key in appellant's pocket and searching his room by use of the key to gain entrance. The difference, we point out, is that the room, in appellant's hypothesis, was

not named in the warrant as a place to be searched. Appellant's luggage and briefcase were subject to seizure and search by the terms of the warrant in the case under discussion.

Appellant's reliance on *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977) is misplaced. In *Chadwick, supra,* police searched a locked footlocker belonging to the defendants based on probable cause to believe the footlocker contained drugs. The United States Supreme Court reversed Chadwick's conviction because the warrantless search was conducted more than an hour after federal agents had gained exclusive control of the footlocker and long after respondents were securely in custody. No exigent circumstances existed justifying an immediate search. The entire search in *Chadwick* was without a warrant; the holding is not relevant to the case *sub judice.*

In *United States v. Graham,* 638 F.2d 1111 (7th Cir. 1981), *cert. denied,* 450 U.S. 1034, 101 S.Ct. 1748, 68 L.Ed.2d 231, appellant argued that a search warrant for a *person* could not be extended to a shoulder bag being carried by the defendant. Rejecting that argument, the Seventh Circuit Court of Appeals said:

"... The fact that the purse had been removed from defendant's person and was in the possession of the police officers is immaterial. The only relevant question is whether, at the time the warrant was executed, the purse could properly be considered part of the defendant's person which the officers were authorized to search." *Id.* at 1114.

We think that the scope of a search pursuant to a warrant is not limited to the same extent as a search incident to an arrest. The limited search permitted in warrantless cases has a two-fold purpose:

1. to prohibit the destruction of evidence;
2. to lessen the danger that an arrestee may gain access to a weapon.

*See Chadwick, supra.* By contrast, a valid search warrant authorizes the police to search for evidence regardless of

whether there is any danger of a weapon's being drawn or evidence being destroyed. *Graham, supra.*

The trial court's denial of appellant's motion to suppress is also sustainable under the rationale of *United States v. Leon,* 468 U.S. ——, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). The trial court (Greenfeld, J.) in the case *sub judice* stated:

"The Defendant filed a motion to suppress the evidence seized as a result of the search of him and the luggage of the Defendant pursuant to a search and seizure warrant. The Defendant raises several contentions. First, he argues that under Article 27, § 557 [sic], in order for a search warrant to issue, the crime must be committed in Baltimore City at the time of the issuance of the search warrant itself. This in my view is too restrictive a reading of the statute. Several cases cited by the State hold that similar types of statutes do allow anticipatory search warrants based on probable cause. In my view, that is a reasonable interpretation of the Maryland statute and that reasoning is adopted here.

Secondly, the Defendant argues that even if the warrant was valid, the warrant did not extend to the briefcase which contained the drugs since the Defendant did not then have the case in his possession and therefore the police should have obtained a new warrant for the briefcase, especially since, the Defendant was demobilized—I think that's the word you used. He was in custody. Again, in my view, this argument tries to apply an overrestrictive view of the search warrant itself. Literally, at least as to one aspect of the search warrant, it applies to luggage carried by the Defendant. It also applies to luggage possessed by the Defendant. The Defendant had checked the seized luggage at his motel minutes before the search of the Defendant. The ticket for the briefcase was found on the Defendant and was found pursuant to a proper search of the Defendant. The ticket on the Defendant represented the briefcase. The warrant, as I stated, also applies to luggage 'possessed'

by the Defendant. Defendant had at the very least constructive possession of the briefcase by virtue of having checked it with the motel. The Defendant's possession of the ticket for the briefcase was tantamount to possession of the briefcase itself. In any event, *United States v. Leone* [sic], 104 Supreme Court 3405, held that the exclusionary rule does not apply to a warrant, to a search warrant signed by a judge, even if the warrant was effective [sic] provided that the police acted in good faith. The warrant in this case was signed by a judge, and there is no indication that the police acted in bad faith. Therefore, I conclude that the search warrant was valid, and the search was valid, both of the Defendant and the briefcase. The Defendant's motion to suppress is denied."

We hold that on the facts of this case the search warrant issued authorized the seizure and search of the briefcase described in the warrant notwithstanding that the briefcase was in the constructive and not actual possession of appellant at the time it was seized. Additionally, the actions of the police officers meet the "good faith" requirement articulated in *Leon, supra.*

JUDGMENT AFFIRMED. COSTS TO BE PAID BY APPELLANT.